AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ROMAE RHOANDO JORDAN | ) | Case No. |
| | ) | 6:20-mj- *1161* |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 15, 2020 _____ in the county of _____ Orange _____ in the _____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 952 | Importation of controlled substance. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nestor Perez, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _2-16-2020_

_____
*Judge's signature*

City and state: _____ Orlando, Florida _____

THOMAS B. SMITH, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**

**COUNTY OF ORANGE**                              Case No:  6:20-mj- *1161*

## AFFIDAVIT

The affiant, Special Agent Nestor Perez of Immigration and Customs Enforcement,

Homeland Security Investigations, being duly sworn, states:

### Purpose of Affidavit

1.       This affidavit is written for the limited purpose of establishing probable cause for

a criminal complaint against Romae Rhoando JORDAN for importing into the United States a

Schedule II controlled substance, in violation of 21 U.S.C. § 952.   It is not intended to include

each and every fact and matter known by me or known to the government.   It is based upon my

participation in this investigation, as well as information provided to me by other law

enforcement agents and civilians.

### Agent Background

2.       I am a Special Agent (SA) with the Department of Homeland Security,

Immigration and Customs Enforcement (ICE)/Homeland Security Investigations (HSI).   I am

currently assigned to the HSI Orlando, Florida Office.   My present duties, in part, include

conducting criminal investigations into violations of federal laws pertaining to narcotics

importation and airport investigations.   I have been a special agent with HSI since 2010.   I have

received extensive training at the Federal Law Enforcement Training Center and elsewhere in

airport operations, border search authority, narcotics smuggling techniques, and controlled

deliveries.   Prior to being employed by HSI, I was employed by the U.S. Postal Inspection

Service as a Postal Inspector for approximately eight years, where I assisted with investigating

1

violations of federal laws where the U.S. mail was used to transport prohibited items, including controlled substances and proceeds from the sale of controlled substances.

### Investigation

3.      On February 15, 2020, at approximately 3:47 p.m., Romae Rhoando JORDAN arrived at Orlando International Airport aboard JetBlue Airways Flight 1722 from Montego Bay, Jamaica.  Based upon my training, experience and this investigation, Jamaica is a known narcotics source country.

4.      U.S. Customs and Border Protection (CBP) officers conducted random exams on the checked bags aboard JORDAN's flight.  JORDAN's checked suitcase was selected at random for inspection.

5.      During inspection, CBP officers discovered an unusual number of bottles of lotion (i.e. 11 bottles).  Upon examining the bottles and squeezing them, CBP officers felt anomalies within the bottles.  The suitcase was x-rayed, and CBP officers discovered anomalies within all eleven bottles of lotion.

6.      As some CBP officers were dealing with the examination of JORDANS's suitcase, another CBP officer was asking him basic inspection questions.  JORDAN stated that the suitcase belonged to him and that he had packed his own suitcase.

7.      CBP officers examined the contents of the 11 lotion bottles and discovered that each bottle held a plastic bag that contained a white gelatinous substance.  The white substance in each plastic bag field-tested positive for cocaine.  A total of 2.3 kilograms of cocaine were discovered within the plastic bags inside the bottles of lotion.

8.      Based on the findings, HSI agents were notified and responded to interview

2

JORDAN.

9.      Prior to questioning by the HSI agents, I advised JORDAN of his *Miranda* rights. He was read a statement of rights and he signed a waiver, agreeing to speak with agents.

10.     Thereafter, JORDAN told agents that he had received the bottles from another person in Jamaica, and that he was supposed to bring them to Orlando, Florida, where he would then give them to someone else.  JORDAN stated that he thought he was going to get paid $1,000 for bringing the bottles.  JORDAN initially told agents that he wasn't sure what was in the bottles, but later stated that he thought the bottles contained marijuana.

11.     JORDAN told the interviewing HSI agents, "I know I'm wrong."  He stated he transported the bottles due to the financial reward.

12.     Based upon the above facts, probable cause exists to believe that on or about February 15, 2020, Romae Rhoando JORDAN did import into the United States, from Jamaica, a schedule II controlled substance (cocaine), in violation of 21 U.S.C. § 952.

Further your Affiant sayeth not.

Nestor Perez
Special Agent
Homeland Security Investigations

Sworn to and subscribed
before me this 16th day
of February, 2020

THOMAS B. SMITH
UNITED STATES MAGISTRATE JUDGE

3